UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

_____

| | | |
|---|---|---|
| JAMIE MARRERO, | ) | C/A No.: 4:15-cv-0517-MBS-TER |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| | ) | |
| NFN STEVENSON, WARDEN OF | ) | |
| BROAD RIVER CORRECTIONAL | ) | |
| INSTITUTION, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Jamie Marrero (Petitioner), appearing *pro se*, filed his petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254[1] on February 5, 2015. (Doc. #1).

Respondent filed a motion for summary judgment on June 12, 2015, along with a

return and memorandum. (Docs. #17 and #18). The undersigned issued an order filed

June 15, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975),

advising Petitioner of the motion for summary judgment procedure and the possible

consequences if he failed to respond adequately. (Doc. #19). Petitioner filed a

_____

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate
Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c),
DSC.  Because this is a dispositive motion, this report and recommendation is entered for review
by the district judge.

response on July 22, 2015.

## **PROCEDURAL HISTORY**

The procedural history as set forth by the Respondent has not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history, in part, as set forth by the Respondent.

Petitioner is currently incarcerated in Broad River Correctional Institution pursuant to an order of commitment from the Clerk of Court of Richland County. Petitioner was indicted at the June 2006 term of the Richland County Grand Jury for murder and attempted robbery. The Public Defender's Office was assigned representation. Public Defender Douglas Strickler and Assistant Public Defender James Hunter May represented Petitioner on the charges when called to trial. (Attachment 2, PCR App. pp.56-57; pp.71-73).

A jury trial began on September 22, 2008, before the Honorable Lee S. Alford.   On September 25, 2008, after three (3) days of trial, Petitioner opted to accept a plea deal and pleaded guilty as charged. The State offered to recommend a forty (40) year sentencing cap in exchange for the plea.  The State also agreed to work toward disposing of unrelated charges and assisting in transfer to federal custody. (Attachment 2, PCR App. pp. 47-48)

2

Judge Alford, in a downward departure from the recommendation, sentenced Petitioner to thirty-eight (38) years imprisonment for the murder, and twenty (20) years, concurrent, for the attempted armed robbery. (Attachment 2, PCR App. pp. 60-61). Petitioner did not appeal his plea or sentence.

On April 7, 2009, Petitioner filed an application for post-conviction relief ("PCR"). The State made its return to the application on July 2, 2009. Though several attorneys were appointed at different times, Amber B. Carter, Esq., and Ethan R. Ware, Esq., of the McNair Law Firm ultimately represented Petitioner in the action. Petitioner filed motions to amend on May 15, 2009, and October 17, 2012, but ultimately submitted a final motion to amend, with assistance of his PCR counsel, on November 16, 2012, and raised the following claims of ineffective assistance:

1)  Judge Alford violated Rule 501 of the South Carolina Code of Laws. (Cannon #3) A judge shall perform duties of judicial office impartially and diligently. Did Judge Alford violate my constitutional rights when he admits his impartiality, to my attorney and to the solicitor and was Mr. James May or Mr. Strickler ineffective for failing to make an objection or ask for the Judge to recuse himself?

2)  Was James May's stewardship ineffective for failing to have a mental evaluation done on client to determine whether are not he was competent to stand trial or at the said commission of the crime?

3)  Was Mr. James May ineffective for convincing his client that his only chance to see his son again, was to take the plea offered and for predicting what the jury would decide on?

3

4)    Was a condition placed on this plea when client was convinced that he would be serving his federal sentence first while his state sentence would be ran concurrent?

5)    Was Mr. James May ineffective for convincing his client that no errors were made and that there was not need to exercise his rights to appeal?

(Attachment 2, PCR App. pp. 34-42).

An evidentiary hearing was held January 14, 2013, before the Honorable G. Thomas Cooper. (Attachment 2, PCR App. p. 64). Judge Cooper took the matter under advisement at the conclusion of the hearing and offered both parties the opportunity to submit proposed orders. (Attachment 2, PCR App. pp. 113-114). By Order dated and filed March 8, 2013, Judge Cooper denied relief and dismissed the application. (Attachment 2, PCR App. pp. 1-25). Petitioner filed a motion to alter or amend on March 21, 2013. (Attachment 2, PCR App. pp. 180-184). The State did not file a response. Judge Cooper denied the motion by order dated July 18, 2013, and filed July 19, 2013. (Attachment 2, PCR App. p. 26). Petitioner appealed the denial of relief.

## PCR APPEAL

Ms. Carter and Mr. Ware continued to represent Petition on appeal. PCR counsel filed a Petition for Writ of Certiorari in the Supreme Court of South Carolina on September 20, 2013, and presented the following questions:

4

1.    Did the circuit court err in holding Petitioner's trial counsel was not ineffective, even though trial counsel failed to object to or intervene in the coercive plea proceedings?

2.    Did the circuit court err in holding Petitioner's trial counsel was not ineffective for failing to file a direct appeal from the guilty plea?

(Attachment 4, p. ii).

The State made its return to the petition on January 6, 2014. (Attachment 5).

Petitioner made a reply to the State's return on January 16, 2014. (Attachment 6).

The Supreme Court of South Carolina denied the petition on November 7, 2014, (Attachment 7), and issued the remittitur on November 25, 2014, (Attachment 8).


## HABEAS ALLEGATIONS

Petitioner raised the following allegations in his amended petition, quoted verbatim:

GROUND ONE:    The state courts failed unreasonably to recognize that the petitioners sixth amendment right to effective trial counsel was denied when trial counsel failed to object to the coercive atmosphere of the plea proceeding created by trial judge when he held and voiced a view of the petitioner being guilty before the trial began and before the petitioner presented his case and as a result the trial judge then directed the states attorney to give the petitioner a deal and a time limit making himself friend to one

party and foe to the other instead of remaining neutral thus violating federal rules of court and making the guilty plea involuntary.

Supporting facts:     From the start of the trial the trial judge called for a sidebar with the defense counsel and the states attorney and commented on the petitioner's guilt. During the course of the trial before the state had a chance to rest their case and before the petitioner could present his case, the trial judge again called a sidebar with the defense counsel and the states attorney to initiate a plea discussion that neither party requested. This discussion was not in open court nor was it recorded. (PCR transcript pg. 32, lines 19-25 and pg. 33, lines 1-8). After the counsel for the petitioner presented this information to the petitioner; the trial judge allowed the petitioner only a few minutes to decide whether or not to take the plea by pressuring the petition by beating his gavel, (PCR transcript pg. 35, lines 23-25 and pg. 36, lines 1-6). The counsel for the petitioner never objected to this coercive pl[ea] proceeding thus rendering his assistance to the petitioner ineffective and making the plea involuntary.

GROUND TWO:     The state courts failed unreasonably to recognize that the petitioners sixth amendment right to effective trial counsel was denied when counsel failed to file a direct appeal based on the coercive plea proceedings and because trial counsel when asked by the petitioner, "Why is the judge

6

telling me, that I can appeal, when you told me that I have no rights to an appeal, since I was pleading," never discussed or explained being able to file a direct appeal.

Supporting facts:     After the trial was stopped and the guilty plea was concluded the trial judge told the petitioner that the petitioner had 10 days to appeal the courts decision, the petitioner asked trial counsel why the trial judge was saying this, trial counsel told the petitioner that the courts did not commit any errors and the petitioner had no grounds for appeal. Petitioner was curious about his right to an appeal and trial counsel never explained or took the time to explain an appeal and then the trial judge introduced a coercive atmosphere with his unconstitutional involvement in the plea discussions. Further adding to the coerciveness by indicating a time limit, and once again a direct appeal was not filed or explained to the petitioner.

GROUND THREE:     The state courts failed unreasonably to recognize the petitioner's sixth amendment right to effective trial counsel was denied after trial counsel failed to investigate the petitioner's mental health.

Supporting Facts:     The petitioner was in county jail on suicide watch and Betsy Frankling was petitioner's counsel at that time. No one in the Public Defenders Office had petitioner evaluated after knowing petitioner was

7

suicidal.   Two  and  half years went  by and
no  one  still  did  a  mental  work-up  on
petitioner.    The Public  Defenders  Office
was  also  aware that petitioner had blacked
out  at  the  time  of  the  crime, through
Danielle  Payne  a  former  counsel.    The
state  was threatening to serve death sentence
paperwork  and a mental work-up should have
been  done  for  the  preparation  of a capitol
trial,  (PCR  transcript  pg.  7,  lines  5-19).
According  to  the  counsel  for petitioner the
states  key  witness  Hannah  Fuller  even
testified  that  the  petitioner  was  suicidal
(Trial transcript  pg.  232,  lines  7-14) and
was  in  a  frantic  state  of mind, and
disturbed.   (Trial  transcript  pg.  229,  lines
18-24). The  petitioner  also  testified  at the
plea  hearing  as  to  not being in his right state
of mind.

| | |
|---|---|
| GROUND FOUR: | The  lower  state  court  erred  by  failing  to recognize  that  petitioners  6th  amendment right  to  effective  counsel was denied when counsel  failed  to  ensure  that  the  Petitioner could serve his Federal time first. |
| Supporting Facts: | Trial counsel ensure petitioner that petitioner upon pleading guilty would serve his federal time first. |

(Habeas Petition) (errors in original).


## **STANDARD OF REVIEW**

In addition to the standard that the court must employ in considering motions

for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing

evidence." 28 U.S.C. § 2254(e)(1).

## **PROCEDURAL BAR**

The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, <u>Smith v. Murray</u>, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

<u>Reed v. Ross</u>, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, 477 U.S. 533 (quoting Wainwright v. Sykes, 433 U.S. at 84 (1977)).

See also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas Petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a Petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S.478, 496 (1986).

## **ANALYSIS**

## **GROUND ONE**

In Ground One, Petitioner argues that counsel failed to object to the coercive

atmosphere of the plea due to the trial judge instigating the plea discussions and his placement of a time limitation to accept the plea. Respondent argues that this issue is procedurally barred as it was not raised at PCR. Additionally, Respondent argues that based on the factual findings in the bias issue raised at PCR, there was no basis for trial counsel to assert coercion or argue negative effect. In Petitioner's response to summary judgment, he asserts that he is alleging that "[t]rial counsel was ineffective for allowing partial and biased judge to preside over the case without an objection, thus making his guilty plea coerced and involuntary". (Doc. #25 at 3). Petitioner further contends that he amended his PCR application clearly establishing this question when he asserted "[w]as counsel ineffective for not making an objection to or for not asking the trial judge to recuse himself after admitting his partiality in this case."

A review of the PCR transcript and PCR order reveals that Petitioner did argue that counsel failed to challenge judicial bias and error. In the PCR order, the judge stated "Applicant alleges counsel was ineffective in failing to object to and/or move for recusal of the trial judge due to the alleged bias of the trial judge. Applicant contents the trial judge improperly ordered the state extend a plea offer to Applicant for less than LWOP as the judge believed the facts clearly indicated Applicant was guilty of the charges." (Tr. 16). In counsel's Rule 59(e) motion, he argued that the

PCR court did not consider Petitioner's argument that the trial judge improperly initiated the plea proceedings thereby warranting defense counsel to advise Petitioner to pursue an appeal. (Tr. 180). In the order deying the Motion to Reconsider pursuant to Rule 59 SCRCP, the judge found that ". . . this Court is unable to discover any material fact or principle of law that either has been overlooked or disregarded and further finds no error of law or facts not appropriately considered." (Tr. 26). In the petition for writ of certiorari, Petitioner raised the following argument: "Did the circuit court err in holding Petitioner's trial counsel was not ineffective, even though trial counsel failed to object to or intervene in the coercive plea proceeding?" Thus, it appears that this issue is not procedurally barred and the court will address the merits of Ground One as it appears the issue was subsumed within the issues raised at PCR.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the

defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." <u>Strickland</u>, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." <u>Turner v. Bass</u>, 753 F.2d 342, 348 (4th Cir. 1985) (quoting <u>Strickland</u>, <u>reversed on other grounds</u>, 476 U.S. 28 (1986)). The Court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the <u>wide</u> <u>range</u> of professionally competent assistance.  (Emphasis added.)

<u>Id</u>.; <u>Williams v. Taylor</u>, 529 U.S. 362, 120 S.Ct. 1495 (2000)(confirming the <u>Strickland</u> analysis). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. <u>Strickland</u> requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.

<u>Strickland</u>, at 694.

In the context of a guilty plea, ineffective assistance of counsel claims may be asserted in limited circumstances. In order to prevail on a claim of ineffective assistance of counsel pertaining to a guilty plea, a petitioner must show that his lawyer's performance was incompetent and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

In the order of dismissal, the PCR judge found as follows:

> Applicant alleges counsel was ineffective in failing to object to and/or move for recusal of the trial judge due to the alleged bias of the trial judge. Applicant contends the trial judge improperly ordered the state extend a plea offer to Applicant for less than LWOP as the judge believed the facts clearly established Applicant was guilty of the charges.

> On cross-examination, Applicant stated he told the trial judge during the plea hearing under oath that he was guilty of the murder as charged and agreed there were at least three witnesses very familiar with Applicant who identified his voice, mannerisms and language off the surveillance videotape showing victim being shot in the face. Applicant noted he "was answering [the trial judge's] questions as he asked" Applicant during the plea hearing because he was "trying not to hinder. . . being able to get [the] minimum sentence" under the plea. Applicant finished by saying it was ultimately his decision alone to enter the plea as he did.

(Tr. 16).

15

The PCR judge held the following:

> Based upon a review of the transcript, this Court finds
> Applicant has failed to prove counsel was ineffective for
> failing to move for recusal of the trial judge simply based
> upon the trial judges in-chambers remarks about the state
> extending a plea offer to Applicant. "A judge should
> disqualify himself in a proceeding in which his impartiality
> might reasonably be questioned, including instances where
> he has a personal bias or prejudice against a party." <u>Koon</u>
> <u>v. Fares</u>, 379 S.C. 150, 156, 666 S.E.2d 230, 234 (2008). "It
> is not sufficient for a party seeking disqualification to
> simply allege bias; rather, the party must show some
> evidence of bias or prejudice." <u>Id</u>. The only instance
> Applicant can point to an off-record discussion which he
> was not a party to where the trial judge, after sitting
> through three-plus days' worth of incriminating evidence,
> suggested the state extend a plea offer to Applicant.
> Applicant has failed to prove the specific circumstances
> under which the comment was made and had failed to
> convince this Court such a suggestion reveals a judicial bias
> sufficient to warrant counsel requesting recusal. Therefore,
> Applicant has failed to carry his burden in proving counsel
> was objectively unreasonable in failing to move for such.
>
> Further, Applicant has failed to prove resulting prejudice as
> he has failed to show such an alleged judicial bias
> reasonably affected the outcome of the case. Both sides
> were allowed to present their arguments during the four day
> trial and all of the trial court's determinations set forth in
> the record were rationally and reasonably based upon the
> evidence and arguments presented at trial in accordance
> with the relevant law. . . Applicant has failed to establish
> any point in the record where the judge exhibited bias.
> Additionally, Applicant's testimony is clear that he
> understood it was solely his decision to accept the state's
> plea offer and that he ultimately did so in an effort to avoid
> a LWOP sentence at trial. Applicant has failed entirely to

> prove such an alleged bias reasonably affected his decision to forego his right to jury trial in favor of accepting an advantageous plea offer from the state. Accordingly, this allegation is denied.

(Tr. 17-18).

Petitioner fails to demonstrate that the PCR court erred in determining trial counsel not deficient in failing to object and has failed to establish that there is a reasonable probability he would not have pleaded guilty if counsel had objected. Strickland, 466 U.S. at 687, 694. Following three days of trial, the trial judge told him after accepting the plea that there was overwhelming evidence of his guilt and that he probably would have given Petitioner LWOP if found guilty. By entering the plea, Petitioner was able to avoid a sentence of LWOP. The record also reflects that the trial judge discussed the charges and possible sentences directly with the Petitioner at his plea. Petitioner testified that he still wished to plead guilty. Petitioner testified that he understood the rights that he was waiving, including among other things continuing his jury trial, calling witnesses on his own behalf, and confronting witnesses. Further, Petitioner stated that he was satisfied with his lawyers, that it was his decision to plead guilty, and that he was guilty.[2] The PCR court found trial counsel's testimony to be

---

[2] See Pittman v. South Carolina, 337 S.C. 597, 524 S.E.2d 623, 625 (S.C.1999) ("A defendant's knowing and voluntary waiver of the constitutional rights which accompany a guilty plea 'may be accomplished by colloquy between the Court and the defendant, between the Court and defendant's counsel, or both.")(citing State v. Ray, 310 S.C. 431, 427 S.E.2d 171, 174 (S.C.1993)).

credible and implicitly found Petitioner not to be credible. The PCR court's factual

determinations regarding credibility are entitled to deference in this action. Cagle v.

Branker, 520 F.3d 320, 324 (4th Cir.2008), (citing 28 U.S.C. § 2254(e)(1) (for a

federal habeas court to overturn a state court's credibility judgments, the state court's

error must be stark and clear)); see also Marshall v. Lonberger, 459 U.S. 422, 434,

103 S.Ct. 843, 74 L.Ed.2d 646, (1983) ("28 U.S.C. § 2254(d) gives federal habeas

courts no license to redetermine credibility of witnesses whose demeanor has been

observed by the state trial court, but not by them"). Additionally, the PCR court found

that there was no judicial bias sufficient to warrant counsel requesting recusal.[3] The

---

[3] It is noted that a trial judge can engage in discussion of plea bargaining so long as he follows guidelines to minimize the fear of coercion. Jenkins v. Stevenson, 2009 WL 4016497, fn. 5 (D.S.C. Nov. 18, 2009) citing Harden v. State, 276 S.C. 249, 277 S.E.2d 692 (S.C. 1981) and Medlin v. State, 276 S.C. 540, 280 S.E.2d 648 (S.C. 1981). The guideline set out in Hardin and Medlin that applies to this case is ABA standard 14-3.3 (e) that "where the parties have neither advised the judge of a plea agreement nor requested to meet for plea discussion purposes, the judge may inquire of the parties whether disposition without trial has been explored and may allow an adjournment to enable plea discussions to occur." In this case, the trial judge while in chambers suggested to the attorney for the State that the State extend a plea offer to Petitioner. There is no assertion that the trial judge stated that there would be any repercussions if a plea offer was not made and no assertion that there would be any repercussions at sentencing if Petitioner was found guilty and failed to accept an offer if one was extended. Additionally, there is no assertion that the trial judge suggested what the plea offer should be, and no assertion that the trial judge was involved in the negotiations. Tangentially, the federal court has Rule 11(c) which provides that "[a]n attorney for the government and the defendant's attorney...may discuss and reach a plea agreement," but "[t]he court must not participate in these discussions." Fed. R. Crim. P. 11(c)(1). However, in United States v. Sanya, 774 F.3d 812 (4th Cir. 2014), the Court held that "[o]f course, a district court does not run afoul of Rule 11 simply by mentioning the possibility of a plea." The Court found that a case requiring reversal because of judicial interference can be distinguished from those in which a brief comment was made. Id.

findings made by the PCR court are entitled to deference, and Petitioner has failed to point to sufficient evidence to overcome that deference. Further, a presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, supra; Wilson v. Moore, supra.  The state PCR court's findings of fact are not only entitled to the presumption of correctness, 28 U.S.C. § 2254(e)(1), but also are supported by the record.

Accordingly, the PCR court's rejection of the ineffective assistance of counsel ground for relief was not contrary to, nor does it involve an unreasonable application of, clearly established Federal law; nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1), (2); Williams, 529 U.S. at 398. Therefore, it is recommended that Petitioner's Ground One be denied and dismissed.

## GROUND TWO

In Ground Two, Petitioner asserts ineffective assistance of counsel for not filing a direct appeal based on a coercive plea proceeding. Petitioner asserts that counsel told him that he had no rights to an appeal if he pleaded guilty, but the judge told him he had ten days to appeal. He further asserts trial counsel told him that the court did not

commit any errors, and there were no grounds for an appeal. He alleges that counsel

never advised or explained to him his right to an appeal.

Respondent argues that the state court records reflect a reasonable

determination of facts and a reasonable application of well-established Supreme Court

precedent.[4]

This issue was raised and ruled upon by the PCR court and raised in the PCR

appeal. In the order of dismissal, the PCR court stated as follows:

> Applicant finally contends counsel was ineffective for
> failing to adequately advise him of the right to appeal the
> entry of his guilty plea. Applicant said he "was confused"
> when the trial judge advised him during the plea hearing
> that he had ten days to file for appeal as counsel had
> previously said Applicant would not be entitled to appeal if
> he pled and that he did not see any trial court error which
> could be appealed. Other than that, Applicant said, he and
> counsel never discussed the right to direct appeal.
>
> Counsel testified Applicant waived his right to direct appeal
> of the issues preserved during the course of the trial itself
> by entering the guilty plea as he did, but that he did have a
> right to appeal the plea. Counsel said he didn't know
> whether he and Applicant ever discussed the right to appeal
> the plea, but noted there was nothing objected to during the
> plea colloquy. Counsel stated he "spent the better part of
> the following day" after the plea "at the jail with
> [Applicant] . . . for. . . between one-and-a-half to two
> hours", but could not say whether they ever discussed the

---

[4] The law with regard to effective assistance of counsel was set out in full under Ground One and
will not be repeated here.

right to appeal the plea. Counsel said he believed Applicant had sufficient understanding of the rights he was waiving by pleading guilty at the time he entered the plea. Counsel finished by saying it's generally his "practice that whenever [he] met with somebody" he would advise of the right to appeal, but also tell them that if an objection isn't raised during the plea "there's really nothing to appeal."

(Tr. 21-22).

The PCR court went on to hold as follows:

This Court finds counsel's testimony regarding his general practice to advise of the right to appeal to be credible and likely the course followed in this matter. Further, the record reflects the trial judge specifically advised Applicant of the right during the course of the plea. There is no evidence in the record to indicate Applicant ever requested an appeal to be filed, nor to show counsel should have "reasonably believed" Applicant wanted to appeal. Applicant was fully aware of his right to appeal prior to final entry of the plea and at no time thereafter gave any indication that he wished to pursue such an avenue. Therefore, this allegation is without merit.

Further, even assuming *arguendo* counsel did fail to review the right to appeal with Applicant as Applicant now alleges, he has failed to set forth any credible evidence that would entitle him to a belated appeal. Absent extraordinary circumstances, such as when there is reason to think a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal) or when the defendant reasonably demonstrated an interest in appealing, there is no constitutional requirement that a defendant be informed of the right to direct appeal from a guilty plea. Roe v. Flores-Ortega, 528 U.S. 470 (2000). The South Carolina Supreme Court has applied this standard to guilty pleas as well, saying:

21

> . . . absent extraordinary circumstances, there is no constitutional requirement that a defendant be informed of the right to appeal from a guilty plea. . . The bare assertion that a defendant was not advised of appellate rights is insufficient to grant relief. Instead, there must be proof that extraordinary circumstances exist such that the defendant should have been advised of the right to appeal.

Weathers v. State, 310 S.C. 59, 459 S.E.2d 838 (S.C. 1995). Therefore, even if taken as true, an allegation that counsel did not inform Applicant of the right to direct appeal is not per se reason to warrant a belated direct appeal.

Regardless, the credible evidence before this Court indicates Applicant was fully informed of the right to appeal, but did not request one be filed. No extraordinary circumstances existed such that counsel reasonably should have known Applicant wanted an appeal. In fact, Applicant entered his plea freely and voluntarily under the terms of a negotiated cap sentence. Therefore, counsel had no reason to believe Applicant would want to appeal. Applicant also failed to establish any non-frivolous grounds existed for appeal. Accordingly, this Court finds Applicant is not entitled to relief and the current application must be denied and dismissed with prejudice.

(Tr. 22-23).

The PCR court's rejection of the ineffective assistance of counsel ground for

relief was not "contrary to, or involved an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court of the United States; or

result in a decision that was based on an unreasonable determination of the facts in

light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra. The PCR court found that Petitioner failed to meet the first and second prongs of Strickland, The PCR court found Petitioner's testimony not credible while finding counsel's testimony that he advised Petitioner of his right to appeal as credible. The PCR court's factual determination regarding credibility is entitled to deference in this action. Cagle v. Branker, 520 F.3d 320, 324 (4th Cir.2008), (citing 28 U.S.C. § 2254(e)(1) (for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear)); see also Marshall v. Lonberger, 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed.2d 646, (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them"). Additionally, a presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, supra; Wilson v. Moore, supra. Therefore, it is recommended that Ground Two be dismissed.

In the alternative, assuming *arguendo* that counsel failed to advise Petitioner of his right to appeal, the claim fails as Petitioner has not met the test set forth in Roe v. Flores–Ortega, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). In Roe, the Supreme Court recognized two distinct scenarios in which a defendant may raise a claim of ineffective assistance of counsel for failure to file a notice of appeal. The first

scenario occurs when "a lawyer ... disregards specific instructions from the defendant to file a notice of appeal." Id. at 477, 120 S.Ct. 1029. Where such a claim is established, the lawyer is *per se* deficient. Id. The second scenario occurs when trial counsel fails to consult with a defendant about an appeal and there was a "constitutionally imposed duty" to do so. Id. at 480, 120 S.Ct. 1029. The duty to consult arises "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id.; see also Bostick v. Stevenson, 589 F.3d 160, 166 (4th Cir.2009). The Court gave an example of when failing to file an appeal without consulting might not be constitutionally deficient: a defendant consults with counsel; counsel advises the defendant that a guilty plea probably will lead to a 2 year sentence; the defendant expresses satisfaction and pleads guilty; the court sentences the defendant to 2 years' imprisonment as expected and informs the defendant of his appeal rights; the defendant does not express any interest in appealing, and counsel concludes that there are no nonfrivolous grounds for appeal. U.S. v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000) (citing Roe, supra).

In this case, Petitioner entered a plea after three days of trial where a video tape of the robbery was played, three co-defendants testified that he was the shooter even

though the robbers had on masks, and people that had known him for a long time testified it was his voice on the video tape. He accepted a plea offer for a recommended forty (40) year cap sentence to avoid a possible sentence of life without parole. Petitioner was sentenced to thirty-eight years. He admitted his guilt in open court. (Tr. 51). His counsel stated to the court that Petitioner conveyed to him that he was guilty of the crime. (Tr. 58). Further, Petitioner was advised of his right to appeal by the trial judge, and he stated that he understood his right to appeal. (Tr. 53). At the time of the plea, the judge advised him that he faced a minimum sentence of thirty years up to life without parole if found guilty for murder and a maximum punishment of twenty years for the armed robbery. (Tr. 44-45). During sentencing, the judge stated that he thought the evidence "clearly established your guilt this case." (Tr. 60). The judge also stated that he did not recall ever giving a sentence less than life without parole for a crime like the one Petitioner was charged with and probably would have given that sentence to Petitioner if the jury found him guilty. Id. Further, Petitioner has not set forth any nonfrivolous grounds for appeal; nor has he made any allegations that he instructed his attorney to appeal after his attorney stated that there were no errors and no basis to appeal. Thus, it is recommended that the Respondent's motion for summary judgment be granted as to Ground Two.

**GROUNDS THREE AND FOUR**

Respondent argues that Grounds Three and Four are procedurally barred from federal habeas review. Respondent asserts that Grounds Three and Four were raised and addressed by the PCR court but were not raised in the PCR appeal.

In Ground Three, Petitioner alleges that counsel was ineffective for failing to investigate his mental health. This issue was raised at PCR and addressed in the order of dismissal but was not raised in the petition for writ of certiorari. In Ground Four, Petitioner alleges that counsel failed to ensure that he would serve his federal time first. This issue was raised and addressed at PCR. However, the issue was not raised in the petition for writ of certiorari. Therefore, Grounds Three and Four are procedurally defaulted. Petitioner has not demonstrated cause and prejudice for his procedural default of these claims. Accordingly, it is recommended that these grounds be dismissed.

To the extent Petitioner is asserting ineffective assistance of appellate PCR counsel as cause to overcome the default in Grounds Three and Four, it fails. Ineffective assistance of appellate PCR counsel, rather than lower court PCR counsel, does not constitute cause. Johnson v. Warden of Broad River Corr., 2013 WL 856731 at *1 (4th Cir. Mar. 8, 2013)(PCR appellate counsel error cannot constitute cause under

Martinez exception); <u>Cross v. Stevenson</u>, 2013 WL 1207067 at *3 (D.S.C. Mar. 25, 2013)("<u>Martinez</u>, however, does not hold that the ineffective assistance of counsel in a PCR appeal establishes cause for a procedural default. In fact, the Supreme Court expressly noted that its holding 'does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts.'") quoting <u>Martinez</u>, 132 S.Ct. at 1320. Petitioner has failed to show other cause and prejudice. Accordingly, it is recommended that Grounds Three and Four be dismissed as procedurally barred.

<u>**CONCLUSION**</u>

As set out above, a review of the record indicates that the petition should be dismissed. Therefore, it is RECOMMENDED that Respondent's motion for summary judgment (Doc. #17) be granted and the petition be dismissed without an evidentiary hearing.

Respectfully submitted,

s/Thomas E. Rogers, III

November 30, 2015                              Thomas E. Rogers, III
Florence, South Carolina                   United States Magistrate Judge

**The parties' attention is directed to the important information on the attached notice.**

27